**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

**IN RE:**

**TURNER OAKWOOD PROPERTIES, LLC**

**DEBTOR.**

**CASE NO. 22-02049-5-DMW**
**CHAPTER 11**

**MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363**

COMES NOW Turner Oakwood Properties, LLC (hereinafter "Debtor"), by and through its counsel, and respectfully moves this Court for an Order authorizing the Debtor to use cash collateral pursuant to 11 U.S.C. § 363.

Pursuant to Bankruptcy Rule 4001(b)(1)(B), the Debtor sets forth the following introductory statement:

The Debtor is a North Carolina limited liability company formed on March 5, 2014, that owns and manages three rental properties in Raleigh, Wake County, North Carolina: 404 E. Edenton Street, 6 N. Bloodworth Street, and 10 N. Bloodworth Street. The Debtor has no employees and is managed by one of its members, Augusta Bernadette Turner.

The Debtor first filed bankruptcy on March 6, 2015, its plan was confirmed on October 7, 2015, and the Final Decree entered on January 1, 2016. The Plan was successful until the Debtor ran into financial issues in 2019 and fell behind on payments to Frank and Francis Turner. Frank and Francis Turner (the "Brothers") are brothers to the owners of the Debtor and have a deed of trust on 10 N. Bloodworth Street. COVID caused additional problems to the Debtor's cash flow in 2020-21. The Debtor and the Brothers were unable to reach an agreement as to payments and the Brothers initiated a foreclosure sale that was scheduled for September 29, 2022. In order to save the property, the Debtor decided it needed to re-file to restructure and enable it to survive.

The Debtor is currently anticipating a continuation of operations by way of this proposed reorganization. The Debtor believes that to maintain existing operations and maximize the value of its business, it will be required to incur certain operating expenses.

The Debtor's only significant source of income is through rental income and the cash proceeds generated thereby. Upon information and belief, the proceeds generated from the Debtor's business may constitute cash collateral within the meaning of § 363 of the Bankruptcy Code to SN Servicing and Shellpoint ("Creditors"). Creditors appear to have an assignment of rents on 2 of the Debtor's properties: SN Servicing on 404 E. Edenton Street and Shellpoint on 6 N. Bloodworth Street. The Debtor proposes that Creditor should be allowed, as adequate protection for the Debtor's use of cash collateral, a post- petition replacement lien and security interest on the same assets to which their liens attached pre-petition, to the same extent and with the same validity and priority as existed on the petition date.

In support of this Motion, the Debtor shows unto this Court the following:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2).

2. The Debtor filed its petition pursuant to Chapter 11 of the United States Bankruptcy Code on September 12, 2022, in the Eastern District of North Carolina and currently operates as a debtor-in-possession.

3. On September 13, 2022, Ciara L. Rogers was appointed as Subchapter V Trustee.

4. The Debtor is a North Carolina limited liability company located in Raleigh, Wake County, North Carolina, and owns a 50% interest in 3 rental properties.

5. On or about October 16, 2006, Celeste Turner and Augusta Turner[1] signed a

[1] Celeste Turner is one of the members of the Debtor. Augusta Turner is the deceased mother of the members of the Debtor and the Brothers.

promissory note in favor of Wells Fargo Bank, N.A., in the original principal balance of $248,000.00. The note is secured by a deed of trust and assignment of rents recorded in Book 12217, at Page 1868, of the Wake County Registry, which encumbers 404 E. Edenton Street. Upon information and belief, SN Servicing is the servicer of this loan.

6. On or about October 26, 2006, Celeste Turner and Augusta Turner signed a promissory note in favor of Countrywide Bank, N.A., in the original principal balance of $227,500.00. The note is secured by a deed of trust and assignment of rents recorded in Book 12236, at Page 1382, of the Wake County Registry, which encumbers 6 N. Bloodworth Street. Upon information and belief, Shellpoint is the servicer of this loan.

7. It appears that the Debtor's accounts generated from rents may constitute cash collateral of the Creditors within the meaning of § 363 of the Bankruptcy Code.

8. The Debtor is currently anticipating a continuation of operations by way of this proposed reorganization. The Debtor believes that to maintain existing operations, and retain maximum value of its business, the Debtor will be required to incur certain operating expenses. The Debtor's only significant source of income is through continued rental operations and the cash proceeds generated thereby. As a result, the Debtor respectfully requests a hearing on this Motion to use the Cash Collateral Creditors' cash collateral to avoid a closing down of operations and immediate, irreparable harm to the Estate.

9. It appears that the cash proceeds generated from the Debtor's leases may constitute cash collateral of the Cash Collateral Creditors within the meaning of § 363 of the Bankruptcy Code and are property of the Debtor's estate pursuant to § 541 of the Bankruptcy Code.

10. The Debtor will maintain one or more Debtor-in-Possession bank accounts into which it will deposit all cash, checks, and other cash items that it receives.

11. The Debtor will require necessary funds for operating its business. The Debtor has

attached a proposed budget as **Exhibit A** specifying these expenses and will attempt to discuss the budget with the Creditors in advance of a hearing on this matter.

12. The Debtor represents that a reorganization and continuation of its operations will generate the greatest source of funds for creditors, including secured creditors. The Debtor will require access to the cash collateral generated by its operations in order to allow it to remain in business.

13. A proposed Order Authorizing Debtor's Sue of Cash Collateral Pursuant to 11 U.S.C. § 363 is attached as **Exhibit B**.

14. A hearing on this Motion is scheduled for September 27, 2022, at 10:30 a.m. at the United States Bankruptcy Court, 300 Fayetteville Street, 3rd Floor, Raleigh, North Carolina.

WHEREFORE, the Debtor respectfully prays for the following relief:

1. For an order authorizing use of cash collateral to be entered by this Court; and

2. For such other and further relief that this Court deems just and appropriate.

This 15th of September 2022.

    s/William H. Kroll
    WILLIAM H. KROLL
    N.C. State Bar No. 39149
    Attorneys for Debtor
    EVERETT GASKINS HANCOCK LLP
    220 Fayetteville Street, Suite 300
    P.O. Box 911 Raleigh, NC 27602
    bill@eghlaw.com
    (919) 755-0025 PHONE
    (919) 755-0009 FACSIMILE

# EXHIBIT A

# MONTHLY BUDGET

| **Property** | **404 E. Edenton SN Servicing** | **6 N. Bloodworth Shellpoint** | **10 N. Bloodworth F&F Turner** |
|---|---|---|---|
| **Income** | | | |
| Gross Rents | $2,200.00 | $3,000.00 | $2,150.00 |
| Loss | $0.00 | $0.00 | $0.00 |
| **Total Income** | **$2,200.00** | **$3,000.00** | **$2,150.00** |
| | | | |
| **Expenses** | | | |
| Secured Creditor | $1,000.00 | $1,200.00 | $350.00 |
| Maintenance & Repair | $200.00 | $200.00 | $200.00 |
| Utilities | $400.00 | $400.00 | $400.00 |
| Taxes (to be escrowed by Debtor) | $0.00 | $0.00 | $500.00 |
| Business Insurance (to be escrowed by Debtor) | $50.00 | $50.00 | $50.00 |
| Miscellaneous | $100.00 | $100.00 | $100.00 |
| **Total Expenses** | **$1,750.00** | **$1,950.00** | **$1,600.00** |
| | | | |
| **Net Income** | **$450.00** | **$1,050.00** | **$550.00** |

# EXHIBIT B
# PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

**IN RE:**

**TURNER OAKWOOD PROPERTIES, LLC** **CASE NO. 22-02049-5-DMW**
**CHAPTER 11**

**DEBTOR**

**ORDER AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363**

**THIS CAUSE** was scheduled for hearing before the Court upon the Motion for Authorization to Use Cash Collateral Pursuant to 11 U.S.C. § 363 (the "Motion") filed by the Debtor on September 14, 2022. Based upon the foregoing, the Court's review of the pleadings in the file, the argument of counsel, the evidence present, it appears to the Court that the terms and conditions set forth below are reasonable and appropriate, are in the best interests of the bankruptcy estate and all creditors and should be approved. It further appears to the Court that the notice of the Motion which the Debtor provided to creditors and parties in interest is adequate and proper.

**THEREFORE**, based upon the Debtor's Motion for Authorization to Use Cash Collateral Pursuant to 11 U.S.C. § 363, the consent of counsel and the record in this case, the Court hereby makes the following **FINDINGS OF FACT** and **CONCLUSIONS OF LAW**:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The Debtor filed its petition pursuant to Chapter 11 of the United States Bankruptcy

Code on September 12, 2022, in the Eastern District of North Carolina and currently operates as a debtor-in-possession.

3. On September 13, 2022, Ciara L. Rogers was appointed as Subchapter V Trustee.

4. The Debtor is a North Carolina limited liability company located in Raleigh, Wake County, North Carolina, and owns a 50% interest in 3 rental properties.

5. On or about October 16, 2006, Celeste Turner and Augusta Turner[2] signed a promissory note in favor of Wells Fargo Bank, N.A., in the original principal balance of $248,000.00. The note is secured by a deed of trust and assignment of rents recorded in Book 12217, at Page 1868, of the Wake County Registry, which encumbers 404 E. Edenton Street. Upon information and belief, SN Servicing is the servicer of this loan.

6. On or about October 26, 2006, Celeste Turner and Augusta Turner signed a promissory note in favor of Countrywide Bank, N.A., in the original principal balance of $227,500.00. The note is secured by a deed of trust and assignment of rents recorded in Book 12236, at Page 1382, of the Wake County Registry, which encumbers 6 N. Bloodworth Street. Upon information and belief, Shellpoint is the servicer of this loan.

7. For the purposes of this Order, the Debtor acknowledges and does not dispute the validity, priority, and enforceability of the liens asserted by the Creditors or the amounts due to the Creditors under promissory notes and agreements; provided, however, that neither the Debtor nor any other party in interest shall be precluded from reviewing and challenging the validity, priority, and enforceability of the security interests and liens held by the Creditors in addition to the amounts due to the Creditors.

8. It appears that the rents generated from the Debtor's real properties may constitute

[2] Celeste Turner is one of the members of the Debtor. Augusta Turner is the deceased mother of the members of the Debtor and the Brothers.

cash collateral of the Cash Collateral Creditors within the meaning of § 363 of the Bankruptcy Code.

9. In order to continue the Debtor's existing operations, the Debtor will be required to incur certain operating expenses. These expenses include taxes, insurance, and other operating expenses. The Debtor's only significant source of income is through continued operations, the collection of rents, and the cash proceeds generated thereby.

10. The Debtor will maintain one or more Debtor-in-Possession bank accounts into which it will deposit all cash, checks, and other cash items that it receives.

11. The Debtor represents that a reorganization and continuation of its operations will generate the greatest source of funds for creditors, including secured creditors. The Debtor will require access to the cash collateral generated by its operations in order to allow it to remain in business.

12. It appears that the Cash Collateral Creditors are the only creditors asserting interests in the cash collateral of the Debtor.

13. The terms and conditions of this Order provide adequate protection of the interests, if any, of the Cash Collateral Creditors for the Debtor's interim use of the cash collateral.

14. The requirements of the Bankruptcy Rules and the Bankruptcy Code, including without limitation Bankruptcy Rule 4001(d), have been satisfied for the Debtor's use of cash collateral and for the grant of adequate protection to the Cash Collateral Creditors upon the terms set forth in this Order.

**WHEREFORE**, based upon the foregoing Findings of Fact and Conclusions of Law, the Court hereby **ORDERS**:

1. Notwithstanding 11 U.S.C. §552, the Cash Collateral Creditors are granted post-petition replacement liens on the same assets to which their liens attached pre-petition, to the same

extent, and with the same validity and priority as existed on the petition date. The liens created hereunder shall be deemed perfected by the entry of this Order without further actions or filing by the Cash Collateral Creditors. The post-petition liens provided for herein shall survive the term of this Order to the extent the pre-petition liens were valid, perfected, enforceable, and non-avoidable as of the petition date. The Debtor does not hereby waive, and expressly reserves for itself and the bankruptcy estate (including other creditors and any Committee in this proceeding), the right to challenge the validity and priority of the pre-petition liens of the Cash Collateral Creditors and, derivatively, the post-petition liens provided for hereunder.

2. The Debtor shall be authorized to use cash collateral for its post-petition, necessary and reasonable operating expenses, as detailed in the budget attached hereto as **Exhibit A**. The Debtor shall be required to receive written authorization for expenditures in excess of the budgeted amounts, except that the Debtor is authorized to exceed an individual line item by a maximum of 10% without prior approval.

3. The Debtor shall maintain one or more Debtor-in-Possession ("DIP") bank accounts, into which it will deposit all cash, checks, and other cash items.

4. The terms and conditions of this Order do not necessarily constitute adequate protection of the interests of the Cash Collateral Creditors in cash collateral. The Debtor expressly reserves its right to seek additional use of cash collateral beyond the stated term of this Order. Any party may seek further consideration of the relief granted in this Order or other cash collateral issues by filing a request with the Court; provided, however, that a hearing on any such request shall not occur on less than three business days' notice to the Cash Collateral Creditors, the Bankruptcy Administrator, the Debtor, and the Committee, if any. Nothing in this Order shall waive any rights of the Cash Collateral Creditors unless expressly provided for herein.

5. This Order shall remain in full force and effect until the earlier of the (a) entry of

an Order by the Court modifying the terms of this Order; (b) entry of an Order by the Court terminating this Order for cause, including but not limited to breach of its terms and conditions; (c) upon filing of a notice of default as provided in this Order, or (d) entry of a subsequent interim or final Order approving use of cash collateral.

6. It shall be a default hereunder for any one or more of the following to occur:

    a. the Debtor shall fail to comply with any of the terms or conditions of this Order;

    b. the Debtor shall fail to maintain insurance;

    c. the Debtor shall use cash collateral other than as agreed in this Order; or

    d. appointment of a trustee or examiner in this proceeding, or the conversion of this case to a proceeding under Chapter 7 of the Bankruptcy Code.

7. Upon the filing with the Court by one or more of the Cash Collateral Creditors of a written notice of any such default (which shall be served upon the Debtor by telefax and United States mail, and shall be served upon the Bankruptcy Administrator by electronic mail, and counsel for the Committee, if any, by United States mail), the Debtor may request a hearing to challenge the declaration of default hereunder. The parties shall have the right to seek an expedited hearing on any challenge by the Debtor; provided, however, that such hearing shall not occur on less than three business days notice to the other party.

8. The Debtor shall remain current in the payment of all post-petition tax liabilities, including but not limited to accruing ad valorem property taxes, sales and use taxes, payroll taxes, and income taxes.

9. The Debtor shall not dispose of any asset out of the ordinary course of its business without the advance written consent of the creditors, as applicable, and, as necessary, the approval of this Court.

10. If any or all of the provisions of this Order are hereafter modified, vacated or stayed by any subsequent order of this Court or any other court, such stay, modification or vacation shall not affect the validity or enforceability of any lien or priority authorized or created hereby prior to the effective date of such modification, stay, vacation or final order to the extent that said lien or priority is valid, perfected, enforceable and otherwise nonavoidable as of the Petition Date. The validity and enforceability of all liens and priorities authorized or created in this Order shall survive the conversion of this case to a proceeding under Chapter 7 of the Bankruptcy Code or the dismissal of this proceeding. This Order shall be binding upon and inure to the benefit of the Debtor. The terms and provisions of this Order shall bind any trustee appointed for the Debtor's estate under any provision of the Bankruptcy Code. This binding effect is an integral part of this Order.

11. The Debtor shall serve notice of this Order on all parties entitled to receive the same pursuant to Bankruptcy Rules 1007 and 4001.

**END OF DOCUMENT**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

**IN RE:**

**TURNER OAKWOOD PROPERTIES, LLC** **CASE NO. 22-02049-5-DMW**
**CHAPTER 11**

**DEBTOR.**

**NOTICE OF MOTION**

NOTICE IS HEREBY GIVEN of the DEBTOR'S MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 ("Motion") filed simultaneously herewith in the above captioned case; and,

FURTHER NOTICE IS HEREBY GIVEN that this Motion may be allowed provided no responses and request for a hearing is made by a party in interest in writing to the Clerk of this Court on or before September 27, 2022, at 10:30 a.m.; and,

FURTHER NOTICE IS HEREBY GIVEN, that a hearing will be conducted on the Motion and any responses thereto, on **Tuesday, September 27, 2022, at 10:30 a.m.**, United States Bankruptcy Court, 300 Fayetteville Street, 3rd Floor Courtroom, Raleigh, NC.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then before the **date set for hearing**, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

Clerk, U.S. Bankruptcy Court
300 Fayetteville Street, Second Floor
P.O. Box 791
Raleigh, NC 27602

If you mail your request or response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above. If a response and request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the motion at the date, time, and place above. If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

DATE OF NOTICE: September 15, 2022

s/William H. Kroll
WILLIAM H. KROLL
N.C. State Bar No. 39149
EVERETT GASKINS HANCOCK LLP
P.O. Box 911 Raleigh, NC 27602
bill@eghlaw.com
P: (919) 755-0025; F: (919) 755-0009